UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

GRST SOMI INVESTORS, LLC and
NOE USA LLC,
    Defendants.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by and through his undersigned counsel, files his Complaint and sues the Defendants, GRST SOMI INVESTORS, LLC and NOE USA LLC (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "ADA"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** Pursuant to 28 U.S.C., §§1331 and 1343, this Court has original jurisdiction over the action for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The property that is the subject of this action is a restaurant located at or about 5958 S Dixie Hwy, South Miami, FL 33143 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida and within this judicial district. Venue is proper in this Court as the premises are located in the Southern District in Miami-Dade County, Florida

## **PARTIES**

4. Plaintiff, AMIN LAKHANI, is a Florida resident, is *sui juris*, and as a disabled individual is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5. Mr. Lakhani has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder. As a result, Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate

6. Despite the physical limitations to which he is subjected because of his disability, Mr. Lakhani strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated individual.  Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15.  Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

7. Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science.  Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

8. Mr. Lakhani resides within close proximity to the Subject Premises— approximately 7 miles. Noe Sushi is one of the top rated sushi restaurants in the South Miami area that offers a sushi bar, ramen, specialty seafood, and cocktails.

9. Mr. Lakhani will undoubtedly return to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and

the FACBC are no longer present, and would continue to return to the Subject Premises to dine and socialize.

10. Mr. Lakhani looks forward to revisiting Subject Premises to partake in the full and equal enjoyment of the food and services offered to the general public at the Subject Premises, but is deterred from doing so long as the discriminatory barriers and policies described herein continue to exist at the Subject Premises due to the fact that Mr. Lakhani does not desire to experience the same difficulty, frustration, and social embarrassment caused by encountering those barriers and/or being limited in his access to the Subject Premises because of those barriers.

11. Mr. Lakhani visited the Subject Premises which forms the basis of this lawsuit, and plans to return to avail him of the goods and services offered to the public at the Subject Premises and to determine whether the property has been remedied to be ADA compliant.

12. However, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the Subject Premises including, but not limited to, those set forth in this Complaint.

13. Independent of his personal desire to access this place of public accommodation as required by law, Mr. Lakhani is also an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

14. Mr. Lakhani, both in his individual capacity and in his capacity as a tester, has visited the Subject Premises, encountered and/or observed barriers to access at the Subject Premises, was compelled to engage those barriers causing him to suffer legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access

including the ADA regulatory violations set forth herein below—unless and until the Defendant is compelled by the Court to remove and/or remediate those barriers.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

16. Because, *inter alia,* this Subject Premises was designed, constructed, and received its State Licensure on July 29, 2024, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

17. Defendant, GRST SOMI INVESTORS, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

18. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, GRST SOMI INVESTORS, LLC, is the owner and/or operator/manager of the real property located on or 5958 S Dixie Hwy, South Miami, FL 33143 ("Subject Premises").

19. Defendant, NOE USA LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

20. According to the Miami-Dade Tax Collector's Office/Florida Department of Business and Professional Regulation, the Defendant, NOE USA LLC, was licensed on July 29,

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

2024 and occupies 5958 S Dixie Hwy, South Miami, FL 33143 ("Subject Premises") as a restaurant. Defendant, NOE USA LLC, is also the owner of the fictitious name/is doing business as "NOE SUSHI".

**21.** The Defendants' Subject Premises (Noe Sushi a/k/a Noe Sushi Bar), which is operating as a restaurant and bar, is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

**22.** Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein. As long as Defendants are allowed to continue to operate the Subject Premises in willful violation of the ADA and ADAAG—Plaintiff suffers discrimination based on his disability because he is denied full and equal access to the Subject Premises.

## FACTUAL ALLEGATIONS AND CLAIM

**23.** Mr. Lakhani has attempted to and has, to the extent possible, accessed the Subject Premises, but was limited in his access and/or could access the Subject Premises because of his disabilities due to the physical barriers to access, dangerous conditions, and ADA violations that exist at the Subject Premises. These barriers restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions, and ADA violations more specifically set forth in this Complaint.

**24.** Mr. Lakhani enjoys sushi, loves the South Miami neighborhood and shopping, and loves the atmosphere and food presentation at Noe Sushi, and intends to visit the Subject Premises again in the next few months future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject

Premises, but will be unable to do so without undue difficulty, frustration, social embarrassment, and discrimination because of his disability due to the physical barriers to access, dangerous conditions, and ADA violations that continue to exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

25. Defendants have discriminated against Mr. Lakhani and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

26. Defendants have discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

### Bar and Bar Area

i. **No Lower Portion of Counter Provided**. The bar does not provide a lower portion of the counter, preventing plaintiff and wheelchair users from accessing it comfortably, without inconvenience or at all. This is a violation of Section 902.3 of the 2010 ADA Standards. Whose resolution is readily achievable.

ii. **No Accessible Seating in Bar Area.** No accessible seating in bar area making it inconvenient and embarrassing for Plaintiff to dine conformably

     at the restaurant, contrary to 2010 ADA Code §902, whose resolution is readily achievable.

    **Restroom**

    iii. Inaccessible coat hook in restroom, making it impossible for Plaintiff to reach, contrary to 2010 ADA Code §604.8.3,

    iv. Inaccessible table, with no clearance, in the bathroom, making it unusable for Plaintiff, contrary to 2010 ADAAG.

27. Naturally, the above listing is not to be considered all-inclusive of the barriers, conditions, or violations which exist at the Subject Premises because Plaintiff in encountering the initial barriers to access (above) was denied and/or restricted in his access to all areas of the Subject Premises.

28. It is in the best interests of all Parties that a full inspection of the entire Subject Premises be completed to formulate a plan to remediate the entire Subject Premises and bring the same into compliance with the ADA which was enacted over three (3) decades ago. By doing so, Plaintiff and all others with disabilities will be protected from future discrimination and the Defendants would be able to efficiently and economically identify and remediate all barriers without the need for additional litigation for each and every barrier encountered by Plaintiff and/or any other disabled individuals.

29. Mr. Lakhani has attempted to gain access to the Subject Premises, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

30. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access, Mr. Lakhani is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent and separate from other subsequent visits, Mr. Lakhani also intends to visit the Subject Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Subject Premises. In this instance, Mr. Lakhani, both in his individual capacity and in his capacity as a "tester", visited the Subject Premises, encountered barriers to access at the Subject Premises, engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will continue to suffer legal harm and injury in the near future.

31. Plaintiff, in his capacity as a tester (in addition to in his personal capacity), will absolutely return to the Premises when Defendants modify the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

32. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein are readily achievable and technically feasible and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

33. Mr. Lakhani is without adequate remedy at law, other than the injunctive relief being sought in this action, is suffering irreparable harm, and reasonably anticipates that he will

continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Subject Premises, as detailed in this Complaint.

34. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and the Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

35. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
  *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573 2106
GGoldstein@G2Legal.net